IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-185-BO

| | |
|---|---|
| BRIAN AVERY ETHERIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on August 8, 2018 at Wilmington, North Carolina. For the reasons discussed below, the matter is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act, 42 U.S.C. § 401-433. Plaintiff alleged disability beginning on February 26, 2014. Plaintiff protectively filed his application for DIB on April 1, 2014. After denial initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on February 8, 2017, who issued an unfavorable ruling on March 21, 2017. This decision became the final decision when the Appeals Council denied plaintiff's subsequent request for review. Plaintiff then timely sought review of the decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments

("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined that plaintiff had not engaged in substantial gainful activity as of his alleged onset date. At step two, plaintiff was determined to have two severe impairments, fractured left humerus and elbow status post motor vehicle accident and Tietze's condition. These impairments did not meet or equal a Listing at step three. The ALJ found that plaintiff had the RFC to perform light work with exertional limitations, but could not perform his past relevant work at step four. At step five, using the testimony of a vocational expert ("VE"), the ALJ determined that jobs existed in significant numbers in the national economy that plaintiff could perform, and therefore he was not disabled within the meaning of the Act.

Because the ALJ improperly weighed the opinions of plaintiff's two treating physicians, remand is appropriate in this case. Generally, a treating source's opinion is given great weight. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). An opinion that is inconsistent with the rest of the treatment record may be discounted. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). But when they are well supported by medically acceptable clinical techniques and are not inconsistent with the substantial evidence in the record, they must be given controlling weight. *Id.*; 20 C.F.R. §§ 404.1527(c)(2), 416.927(c). The ALJ's decision must specifically indicate the

3

reasons for the weight given to a treating source's medical opinion, and that explanation must be sufficiently specific. SSR 96-2p.

The ALJ only gave limited weight to plaintiff's two treating physicians, Dr. Lepore and Dr. Jones, but did not cogently address why. Dr. Lepore, who treated claimant consistently over a period of years, was discounted, even though his opinion was not inconsistent with any other opinion. The ALJ instead discounted his opinion as lacking "objective" evidence, which is not required by the standard. Instead, the ALJ should identify the evidence that is inconsistent, which the ALJ in this instance did not do.

Similarly, the ALJ discounted the opinion of Dr. Jones, who also treated claimant. The ALJ determined that Dr. Jones' findings were contradicted by the findings of Dr. Meltzer and Dr. Links, the two state agency consultative examiners. But Dr. Meltzer and Dr. Link's descriptions of cognitive functions were not inconsistent with Dr. Jones' determinations such that it was correct for the ALJ to discount Dr. Jones' opinion as a treating physician.

Remand is needed in this case in order for there to be a full evaluation of the medical evidence. For example, the ALJ discounted the state agency psychological consultants, on the grounds that claimant's testing indicated he was not as impaired as the consultants said. But the evidence the ALJ cites for this testing is the testing done by Dr. Jones, who opined that claimant was severely impaired. The only way these opinions are inconsistent is if they are weighed unevenly. It appears the ALJ cherry-picked the record, treating different sections of opinions differently and then discounting them as inconsistent. [DE 22 at 6-7]. This is not harmless error. Without a clear explanation, this Court is unable to conduct a meaningful review of the determination in this case. In such circumstances, remand is appropriate. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

4

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion for judgment on the pleadings [DE 21] is DENIED. The decision is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this **30** day of August, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE